A state of Ernest Gottheiner versus Sater. Before we start the clock, may I ask a question, because I'm in an unusual situation. Judge, I'll mispronounce it, I'm sorry, Lawyer. I'm sorry. I happen to know of at least one case in the Eastern District with a sentence that went very close to 400 months. I don't mean to correct the court or anything, I just don't want to go to the trouble of writing in an amicus letter. But there are a few that have gone that high, and if the court cares, I'll send it in. Okay, thank you. May I please reserve four minutes for rebuttal? Certainly. If it please your honors, my name is Frederick Oberlander. I represent half of the plaintiffs in the original case. I represent the estates and sole survivor of a family of persons who have alleged that they suffered financial harm because of frauds committed by Appellant Felix Sater and others acting with him. The underlying gravamen of the case they brought in state court as of right was the fraudulent concealment of his conviction. That case was removed on federal officer grounds by Mr. Sater to the Southern District and assigned to Judge Schofield as related to another matter. At the time there was an overlap of plaintiffs, but the point is this court respectfully has no jurisdiction to do anything unless and until it decides whether or not Judge Schofield was correct in denying remand. Because if she should have remanded based on our motion, then the case wouldn't be here for any other reason. And it is our position... You were before us on appeal challenging the vacator of the notice of dismissal without prejudice and the accompanying dismissal of the action with prejudice. Well, that's two. Yes, we are here basically on two main areas. It's thoroughly briefed if you want me to go through the table of contents. No, no. The two major points... I've read your briefs. You've just told us we don't have jurisdiction. And if we don't have jurisdiction, you are the appellant. So I'm trying to figure out what it is you want us to do. I would like you to address whether you have jurisdiction and agree with me that the limitation of your jurisdiction is to remand with orders to reverse the denial of remand... Why don't you withdraw your appeal if you don't think we have jurisdiction? You are the appellant. I'm sorry. You have jurisdiction to determine your own jurisdiction. That's your first objective. All federal courts have that. You're the party invoking our jurisdiction. Yes, and I'm invoking it to rule that Judge Schofield was in error when she kept the case, that she should have remanded it. The moment you issue such a ruling, you can't do anything else because she couldn't have done anything else thereafter. All right. Let us hear your argument. Go ahead. All right. The basis by which Judge Schofield declined remand was a finding that at a threshold level, Mr. Sater colorably had a defense of, I guess we would call it a public authority defense in criminal law that basically the government told him directly or indirectly to do it. He was only following orders if he did lie. We believe that that is error as well briefed, and I'll stand on the brief to conserve time, but the summary point of why it is error is that he, among other things, submitted no evidentiary support for the conclusion that he made that he actually had been ordered to do anything. He didn't introduce an order that said, here, Mr. Sater, lie about this. He didn't introduce anything from a deputy attorney general saying you're authorized to commit the following frauds and that there was procedural and substantive error. However, a week ago, the issue became a little more complex because in the Chris One case to which that had been related, and it's based on the same exact argument that Mr. Sater committed frauds and they rose to a level of racketeering, Judge Schofield has declined to dismiss that case, finding apparently exactly the opposite, that, in fact, the complaint does, in that Chris One case, state a cause of action in fraud, despite Mr. Sater's argument on dismissal motion that he had colorable authority as a federal officer. Those are absolutely incompatible positions. I submitted a 28-J on Sunday evening on the issue, and I'll stand on the content of that unless the court has any questions, but if I was somewhat confusing, let me back off and explain that for some group of plaintiffs, when I represented them in 2010, I filed an action in front of Judge Schofield. Now, at the time, she wasn't on the bench, and it sounded in racketeering and state law, and the gravamen of the complaint was that Felix Sater ran a business called Bayrock in partnership with various people and that he proceeded to do so by hiding a federal conviction and by committing all kinds of fraud, left and right mail fraud, wire fraud, bank fraud, and so on. Several years later, I brought a companion action in state court. The claims were split. They were split because, chronologically, the first case ended in 2010. The second case was designed to be a chronological supplement because there's no prohibition on case splitting and because, to be honest, the state court had ruled that all of the law that the southern district seems to follow. Could you address whether vacating the voluntary dismissal was error? Yes, I'll address it now. I was going to do it on rebuttal, I assume. The rebuttal is to respond to arguments of your adversary. Fine. As to the vacater, I have in the docket, if I can refer you to it, or I have a table that's in the brief, if the court would like to look at that, or else you can just take my word for it, all that ever happened in this case was after the judge denied remand, a complaint was filed. I didn't like the complaint. The circumstances of the complaint were that it was done under duress, and the court said, fine, you have until May 21, 2014, file an amended complaint. What happened? Fine. Why do you think the judge erred? Because on August 14, 2014, I went before Judge Mass by submission on papers, and I said, I have some of the defendants, Mr. Sater, for example, screaming they want me to serve and get on with the case. I have other defendants, the Bayrock defendants, screaming that if I serve the complaint, that it will violate an order that you issued preventing dissemination of certain material. I don't know what to do. Would you please extend my deadline to file and serve? He did. It's on the docket. It's here. It's on the docket below as document 93, and you will see it explains everything that happened, and it's endorsed by Judge Mass. The time for service of the summons and complaint is hereby extended senior DA. That was never removed. Several months later, on the docket, my colleague, Mr. Wolf, here, filed a letter request with Judge Schofield to force Judge Mass to get off the dime, so to speak, respectfully, and order service of the complaint. She said, nope, sorry, I'm leaving it up to Judge Mass. At no time whatsoever did Judge Mass ever order service thereafter. The next thing that happened that was substantive in the matter was Judge Mass said, Mr. Oberlander, do you intend to proceed with the case? This was April 2015. On behalf of the four clients that you have, the other clients having discharged me, he said, let me know by May 1 whether you intend to proceed. This is a copy of what's on the docket below. It was filed briefly after midnight on May 2, document 108, that explains to him my intention in the case. Subsequent to this, the Second Circuit, with finality, and the Supreme Court procedurally ended the appellate process in a related case, which made me determine that it was likely that attempting to prosecute this any further would be barred by race judicata. And so I filed a voluntary withdrawal. There has never been a violation of a court order in this case. There has been no delay as a matter of law. There can't be any delay. I'm sitting here with an order at the request of my colleague, Mr. Lerner, and me that says, tell us what to do. If we serve, tell us we won't be in breach of an anti-dissemination order. If we don't serve, tell us we won't be delaying. You filed a notice of dismissal without prejudice. And the district vacated that and dismissed it with prejudice. Yes. In large part because of your failure to cooperate in various conferences, extensions, et cetera. So why was the district court not allowed to do that? Because that's not what the district court did. The order contains absolutely no explanation and no findings of any kind. Lack of an explanation that is the error you're citing? Well, no, the lack of explanation forces you to remand because even under Appellant Rule 48, you can't do fact-finding for what the district court. I'm just asking, if we review the record and are satisfied that it supports the district court's decision in terms of an explanation, is that the only error you're charging? I'm afraid with respect that that's outside the authority of this court to do because if that was done as a sanction, there was never any notice or opportunity to be heard. Procedural defect as well. I understand you don't think we can do that. But then, is there any other challenge to the district court ruling? I want to be sure we cover whatever challenges you're raising. If this court does that and determines that there's evidence in the record that the district court was entitled to do, I'm sorry. I'm asking you if there's any other challenge, any other ground on which you think the district court erred. The district court erred because the record doesn't support what the court did. That's your only challenge. And my second challenge is, even if the record supported it, the failure to make the findings and to hold the hearings is fatal procedural error. Okay, anything else? No, structural procedural error, Fifth Amendment procedural error, lack of substantive basis to have made the findings. I know you want to reserve the minute and rebuttal. Thank you. Good morning, Your Honors. My name is Robert Wolfe. I represent Applee Felix Cedar. Judge Schofield's orders in all respects were correct and proper under the law. There was no abuse of discretion in either of the orders. And the removal order or the denial of remand was correct. What I would like to address- I find that Harvey Aluminum, the Harvey Aluminum exception applies because usually a plaintiff may dismiss an action without a court order before an answer or a motion for summary judgment. And the plain text of the rule is that such a dismissal is without prejudice. So do we have to get into Harvey Aluminum? Your Honor, this is what I would say in response. And I say this with the utmost respect to the panel and experience of the panel. And I'm practicing, I think as your Honor knows, well over thirty years, over thirty years. So maybe not all members of the panel is experienced. But the conduct of counsel in this case, and I have to say this, and we all practice in these courts, is beyond just outrageous. And it's as outrageous as it is disturbing. And I'm just going to fill in what Mr. Oberlin didn't say about what Judge Schofield found. Even if that's so, what is the district court's basis for vacating a voluntary dismissal before an answer or a summary judgment motion? As Judge Radji said, if you reviewed the record in this case, you would see that the prior order of Judge Schofield, which he issued in March of 2015, in which he did impose sanctions, he made the following findings regarding plaintiffs and plaintiffs' counsel. Because plaintiffs repeatedly failed to comply with, even defied Judge Massa's orders, he was unable to determine which contested allegations in the first amended complaint, if any, could be filed publicly. And we're talking about a search for documents that were stolen, privileged documents. And going back to it, and I'll get to the history in a moment, because no one was better situated than Judge Schofield to make a determination of dismissal with prejudice. The problem is that, all right, what the plaintiff then did was came into court and filed a dismissal without prejudice, which he's entitled to do up until service of a complaint or, I'm sorry, until service of an answer or a motion for summary judgment. Now, in hindsight, maybe you wish you had filed such an answer or a motion for summary judgment and had it held in abeyance while all this effort at coming up with a viable complaint was pursued. But in the absence of that, how does the rule not control? Your Honor, this is how it doesn't control, because by the very misconduct of plaintiffs' counsel, this summons with notice that, and I respectfully say this is an extortionate $1 billion. What authority is there for the proposition that misconduct changes the rule? First, the court has inherent authority to impose sanctions when there's misconduct of counsel. Well, but this was not done as a sanction. I mean, I understand what you're saying. And even there, I'm not sure that wouldn't be a different procedure might not have had to be followed to do it as a sanction. Well, Your Honor. You know, in some of our precedent, this is going back to the 1979 Thorpe v. Skarn, we said that the reasons that a plaintiff wants to file a dismissal under 41A18 don't matter. It gets to dismiss without prejudice as long as the requirements of the rule are satisfied. Your Honor, in those cases, and that case in particular, it was a very short duration from filing until dismissal. This was a torturous, abusive, and intentionally abusive process to the court. Look, Judge Schofield first found plaintiffs have repeatedly and vexatiously defied the court's orders. They must now face the consequences. Their conduct has been more than negligent and meets the standards for willful and vexatious defiance of court orders. But you're asking us to create an extraordinary circumstances exception to the ordinary rule. Your Honor, I would say if there was ever a case where a dismissal with prejudice was appropriate, it's this one. And it's for these very reasons that I just said, and the deliberate defiance of court orders. And let me just create a little context, because now we're in front of Judge Mast. You mentioned that. I'm not sure it allows you to, when the court has not dismissed with prejudice, when the defendant has, when the plaintiff has dismissed without prejudice, to deprive him of that Rule 41A1A right. Your Honor, in State Street Bank, in the State Street Bank. There is another complaint in the not-too-distant future. I understand that. And counsel might well have to think about the fact that any such filing would be subject to Rule 11, which requires an inquiry reasonable under the circumstances, and the circumstances here would involve everything that went on before Judge Schofield. But that's a different question from whether or not the dismissal without prejudice can be converted into a dismissal with prejudice. Well, Your Honor, in the State Street case, this Court found that plaintiff's repeated misconduct, noncompliance with court orders, and directives in bad faith throughout this case and sister cases provided sufficient basis to vacate the notices of dismissal under Rule 60B3. To prevail on a 60B3 motion, a movement must show that the conduct complained of prevented the moving party from fully and fairly presenting this case. I want to give you an example of why it was so preventative. We couldn't even challenge who Mr. Oberlander's clients were. The appellant, Jody Crest, the plaintiff, is not appealing to dismissal with prejudice. But you were never prevented, and I understand this is reflective of perhaps some patience, you were never prevented from moving to dismiss. Your Honor, we weren't allowed to get the complaint. The complaint was filed under seal, and Judge Schofield wouldn't release it. But you could have moved for actions that would have put an end to the case on the enough is enough theory. I mean, Judge Schofield could have certainly dismissed the complaint. It hadn't been filed. And not allow it to proceed, right? Your Honor, we made, and the record is replete with multiple requests to get a pleading that we could respond to. Request after request after request. So it wasn't inaction by... Were the merits of the controversy raised during the course of these proceedings? I would say yes, for this reason. How so? This was a five-year process with hundreds of court filings and complaints that were certainly reviewed by the court. And submissions to the court, which got into the merits of it. Got into the filing in the Chris One case. What was improper about that? And I'm going to revisit the history because, Your Honor, Judge Chinn, it goes back to when the documents that were attached to the Chris One case, cooperation agreement pre-sentence report, came before the circuit. And the circuit affirmed Judge Glasser's orders, which had found counsel's conduct to be despicable and illegal. My question is whether this case fits within Harvey Aluminum. I don't think there's any question that it fits. Explain why. Because for years, the misconduct of this counsel occurred. This wasn't a short filing where they filed the case and there was no prejudice to the other side. There was, with the five factors, okay, there was ample warning to plaintiff's counsel or appellant's counsel that if they didn't comply with the court orders, the case was going to be dismissed with prejudice. First, the first amended complaint was going to be dismissed with prejudice. And then Chris Two was going to be dismissed with prejudice, okay, unless Mr. Oberlander identified his clients. And when he was in front of Magistrate Maas, he conceded that Chris Two is really Chris One. And then he was terminated as counsel for Chris. And the Gottheiners, that's really on appeal to the Second Circuit, that's going to come back. And the rest of Chris Two will be part of that Gottheiner case. Well, as Your Honor knows, Judge Chin, you were on the Gottheiner panel. That was affirmed, the dismissal of the Gottheiner case was affirmed. My point is you can't violate court orders. You can't accuse the Second Circuit of sedition, okay. You can't call judges' orders invalid, illegal, okay, and unconstitutional conduct, conspiring with each other. You can't do that over a period of years. And we just have to sit on our hands and just request a pleading to respond to, let alone I'm here today. I don't believe he's got a client or a horse in this race. But we were never able, not over weeks, not over months, but over years, okay. And Judge Schofield, looking at all of the misconduct over a period of time, could make a very clear determination that these weren't lawyers who were otherwise abiding by the rules, okay. And just in this case, there was deliberate defiance, vexatious indifference, and so on and so forth. This was a five-, six-year pattern that Judge Schofield was privy to, with the criminal referral in the Eastern District, okay, to Judge Kogan, all related to this case, okay, that they should be investigated by the Department of Justice for criminal contempt. This is plaintiffs, Jody Criss, this is his counsel, and this went on for years and years, not weeks, not months. And if that doesn't fit into that case- Are they going in the Northern District of New York also? Yes, they're currently still under criminal investigation in the Northern District of New York, yes. All right. That's accurate. Well, I think we understand your position. Mr. Oberlander, you have one minute. The docket number of this case below is 13-3905. It was filed in state court in 2013 and removed here. The judge did not accept permanent jurisdiction over the case until February 2014. The case lasted exactly and precisely 19 months from then until the date I filed the withdrawal. If you listen and follow what my colleague is urging you to do, you're going to establish precedent, even if you do it in a summary order in which you decide that because you don't like and he doesn't like what I did five years ago in another case, this judge here, without giving any reasons, can just turn this case into a dismissal. I'm an officer of this court, and I state under penalty of perjury, and we don't have to go off the record, I was not retained by the Gottdieners until February 2013. I'd like to know why they, according to any argument from my colleague, have to suffer by being made subject of a dismissal with prejudice for something that went on in 2010 that they had no role in whatsoever. And as far as my colleague is concerned, he misunderstands the law. Not only am I entitled to accuse any judge anywhere in this country of sedition, if I can back it up, I'm obligated to if I think they committed it. Thank you. We have your argument on the appeal. Thank you very much.